# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1477V
UNPUBLISHED

| | |
|---|---|
| PAUL CHRISTENSEN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 14, 2022<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs;<br>Reasonable Basis; Influenza (Flu)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Adriana R. Teitel*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On September 26, 2018, Paul Christensen ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccination on October 17, 2013. Petition at 1.

After approximately a year of collecting medical records, Petitioner indicated that the record was complete on September 11, 2019. Thereafter on December 13, 2019, Respondent filed his Rule 4(c) Report, arguing that the Petition should be dismissed. (ECF No. 24). On the same day, Respondent filed a motion to dismiss. (ECF No. 25).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all Section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

After additional records were filed by Petitioner, I issued my Decision granting Respondent's Motion on May 12, 2021, dismissing the claim because (a) Petitioner could not preponderantly establish the Table SIRVA requirements, and (b) the claim was otherwise untimely (and could not be saved by the Act's "lookback" requirements). (ECF No. 38) ("Dismissal Decision").

On August 19, 2021, Petitioner filed a motion seeking a total of $15,630.15 in attorney's fees and costs. Petition for Reimbursement of Attorneys' Fees and Costs ("Fees App.") (ECF No. 43). Respondent filed a response on September 2, 2021, indicating that he "defers to the special master regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and "respectfully recommends that the Special Master exercise his discretion and determine whether to award, and/or a reasonable award for, attorneys' fees and costs" but did not otherwise indicate whether he believed the claim lacked good faith or reasonable basis. Resp. at 2, 4 (ECF No. 44).

Following a short decision awarding fees and costs filed on November 16, 2021, Respondent filed a Motion for Reconsideration, requesting "that the Fee Decision be withdrawn and that the Chief Special Master issue a decision that correctly states respondent's position and considers the statutory provisions relevant to petitioner's request for attorney's fees and costs." (ECF No. 46) at 1. On December 2, 2021, I issued an order withdrawing the prior fees decision. (ECF No. 47).

For the reasons discussed below, I find there was a reasonable basis for Petitioner's claim, and he is otherwise entitled to a fees award despite the dismissal of his claim.

**I.      Reasonable Basis**

   **A.      Legal Standard**

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined (consistent with the Vaccine Act's liberal fee-shifting provisions) that fees and costs may be awarded in Vaccine Act claims even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that fees and costs may be awarded even when the petition was untimely filed); *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed – the Act may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

2

However, Congress did not intend that every losing petition automatically result in an attorney's fees award. *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is a prerequisite to even obtaining fees in an unsuccessful case. Under such circumstances, the unsuccessful petitioner must establish "that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Establishing reasonable basis is only a first step to a fee award for unsuccessful cases – its existence does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Human Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As noted above, what is deemed the "reasonable basis" analysis actually involves two determinations, as the Federal Circuit has explained – a subjective inquiry to assess whether the petition was brought in good faith, and an objective one to ascertain whether reasonable basis existed. *Simmons,* 875 F.3d at 635 (quoting *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 289 (2014)). "Good faith is a subjective test, satisfied through subjective evidence." *Cottingham,* 971 F.3d at 1344. "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

Cases in which good faith has been found to be lacking often involve petitioners who failed to produce or actively concealed evidence undermining their claims. *Purnell-Reid v. Sec'y of Health & Human Servs.,* No. 18-1101V, 2020 WL 2203712 (Fed. Cl. Spec. Mstr. Apr. 6, 2020); *Crowding v. Sec'y of Health & Human Servs.,* No. 16-0876V, 2019 WL 1332797 (Fed. Cl. Spec. Mstr. Feb. 26, 2019); *Heath v. Sec'y of Health & Human Servs.*, No. 08-0086V, 2011 WL 4433646 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Carter v. Sec'y of Health & Human Servs.*, No. 90-3659V, 1996 WL 402033 (Fed. Cl. Spec. Mstr. July 3, 1996).

"Additionally, a petitioner's attorney's conduct may also be relevant when evaluating good faith." *Purnell-Reid*, 2020 WL 2203712, at *6. "Counsel still have a duty to investigate a Program claim even if they reasonably find their client to be a credible individual." *Cortez v. Sec'y of Health & Human Servs.*, No. 09-0176V, 2014 WL 1604002, at *8 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). Factors, such as a looming statute of limitations and the conduct of counsel, are properly considered when determining whether good faith exists – but *do not bear* on the claim's objective basis. *Simmons,* 875 F.3d at 636; *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018) ("the effort that an attorney makes to investigate a claim or to ensure that a claim is asserted before

3

the expiration of the statutory limitations period . . . are properly evaluated in determining whether a petition was brought in good faith").

"Reasonable basis, on the other hand, is an objective test, satisfied through objective evidence." *Cottingham,* 971 F.3d at 1344. The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Human Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius on Behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021).

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Human Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish *some evidence* in support of the claim.'" *Wirtshafter,* 155 Fed. Cl. at 671 (quoting *Chuisano,* 116 Fed. Cl. at 288, emphasis added in *Wirtshafter*). Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham*, 971 F.3d at 1345-46. In a prior case, it affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Perreira*, 33 F.3d at 1376.

### B.    Existence of Reasonable Basis

Because Petitioner's claim was filed over three years after the alleged onset date, his claim was untimely under the Vaccine Act's 36-month statute of limitations. But he maintained that he had suffered a Table SIRVA, and thus was protected by the Act's "lookback" provision (Section 16(b)(1) & (2)), since the addition of SIRVA as a Table claim a few years ago opened the door to assertion of claims that arose within eight years of the Table amendment.

I ultimately determined, however, that this case did not meet the definition of a Table definition of a SIRVA. In many cases, the fact that a claimant cannot meet a Table definition or requirement does not constitute the end of the case, since the claimant might well be able to establish a non-Table, causation-in-fact version of the claim not subject to

4

those requirements. However, the lookback provision does not save non-Table, causation-in-fact versions of an otherwise-untenable Table claim, such as this untimely-filed case. *See, e.g., Randolph v. Sec'y of Health & Human Servs.*, No. 18-1231V, 2020 WL 542735 (Fed. Cl. Spec. Mstr. Jan 2, 2020). Dismissal of the claim was therefore required.

Despite the above, I do find that the claim possessed reasonable basis (if barely). The facts of injury and vaccination were established, and the claim's Table deficiency turned on the fact that onset preceded vaccination. Dismissal Decision at 7-8. However, the evidence establishing onset was not crystal-clear (as is often the case with SIRVA claims), allowing for a reasonable possibility that the onset met the Table requirement – and ultimately requiring me to delve carefully into the record to ascertain if the claim's elements were met. *See generally* Dismissal Decision. This is not a case where I am prepared to find that the objective evidence on onset was so indisputable that counsel should have known pre-filing that it could not be substantiated – and therefore there was "some evidence" supporting this aspect of the claim.

I also note that Respondent has not advanced *any* argument which challenges the good faith or reasonable basis of Petitioner's claim, instead merely noting that special masters have wide discretion in determining the reasonableness of a petitioner's request for attorneys' fees and costs and ultimately deferring to me as to whether the statutory requirements for an award of attorneys' fees and costs have been met in this case. I thus find that Petitioner had a reasonable basis to file his Petition in this case, and that reasonable basis continued to exist until my determination that it warranted dismissal. There is no other basis for a denial of fees, despite the claim's lack of success. Therefore, the only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

## II. Appropriate Amount to be Awarded

### A. Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request

5

*sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### B.  Attorney's Fees

#### 1.  Hourly Rates

Petitioner requests the following rates of compensation for the work of his attorney, Ms. Amy Senerth: $233 per hour for 2018, $250 per hour for 2019, $275 per hour for 2020, and $300 per hour for 2021. Motion at 2. These rates are consistent with what Ms. Senerth has previously been awarded for her Vaccine Program work and I find them to be reasonable for work in the instant case as well.

#### 2.  Hours Billed

Upon review, I find the billed hours to be reasonable. The billing entries describe with sufficient detail the task being performed and the time spent on each task. Respondent has not identified any particular entries as objectionable and upon review, I did not find any entries to be objectionable either. Accordingly, Petitioner is entitled to a final award of attorney's fees of **$15,123.20**.

### C.  Attorney Costs[3]

Like fees, a request for reimbursement of case-related costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. CL. 1992). Petitioner requests a total of $506.95 in costs, comprised of the Court's filing fee, acquisition of medical records, and postage. Petitioner has provided adequate documentation supporting the requested costs and all appear reasonable in my experience. Petitioner if therefore awarded the full amount of costs requested.

### Conclusion

I have determined that an award of reasonable attorney's fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a

---

[3] Petitioner has filed a signed General Order No. 9 statement indicating he incurred no out-of-pocket litigation costs. (ECF No. 71).

total of **$15,630.15** (representing $15,123.20 in fees and $506.95 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Ms. Amy Senerth.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.